IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERRY GOUGH, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-21-979 |
| CORIZON HEALTH, INC., et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Defendants Corizon Health Inc. and Susan Pryor's (the "Medical Defendants") unopposed[1] Motion to Dismiss or Alternatively for Summary Judgment (ECF No. 16). Upon consideration of the Motion, the Court concludes that it is meritorious and well-founded. The Court will therefore grant the Motion.

In response to Plaintiff's claim that on one occasion Nurse Susan Pryor refused to treat his wound because he was late to his appointment, Medical Defendants provide the Declaration of Registered Nurse Susan Pryor (ECF No. 16-2), as well as pertinent portions of Plaintiff's medical records (ECF No. 16-3), and the Western Correctional Institution Inmate Handbook (ECF No. 16-4).

Pryor explains that Gough is a paraplegic unable to move from his waist down. He has a

---

[1] Pending is Gough's "Motion for Default Judgment" (ECF No. 18), dated August 3, 2021, erroneously contending that Defendants failed to respond to the Complaint. Defendants sought and were granted an extension of time to respond to the Complaint (ECF Nos. 14 and 15) and timely filed their dispositive motion on August 3, 2021. ECF No. 16. As such, Gough's Motion is denied.

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 4, 2021, the Clerk mailed Gough a letter informing him that: Defendants had filed a dispositive Motion; he had twenty-eight days in which to file written opposition to the Motion; and that if he failed to respond, the Court may dismiss this case. (ECF No. 17). To date, the Court has no record that Gough filed any opposition. Accordingly, the Court considers Defendants' Motion unopposed.

sacral wound between his buttocks which requires frequent bandage changes. ECF No. 16-2, p 3, ¶ 6. Gough was scheduled to see Pryor for wound care on September 23, 2020. Pryor explains that she regularly saw Gough several times per week to change his bandages and was familiar with the status of his wound, general care, and that he regularly skipped his scheduled wound care appointments.[2] *Id.*

Pryor further explains that Gough was scheduled to see her on September 23, 2020 at 9:30 a.m. for bandage changes and wound care. ECF No. 16-2, p. 2, ¶5. When Gough had not arrived by 10:00 a.m. Pryor asked an officer if Gough was coming and was told that Gough had decided to go to commissary instead of attending his appointment.[3] *Id.* Pryor went to the infirmary where she was required to examine the "more critical" patients before their lunch was distributed at 10:30 a.m. and medications distributed. *Id.* Gough came to the medical unit and was advised that because he was late Pryor would not see him. *Id.* Pryor avers that she did not believe Gough would suffer any harm by missing a single wound care appointment as his wound was stable and he regularly refused to attend appointments. *Id.* And she further avers that in fact no changes or worsening of Gough's condition occurred by his not having his bandages changed on this one occasion. *Id.*, p. 3, ¶ 6.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or

---

[2] *See e.g.* ECF No 16-3, pp. 2-10, 12-15, 18-20, 25-26, 29-32 (medical records documenting Gough's failure to appear for medical appointments).

[3] The WCI Inmate Handbook provides that if an inmate fails to report to the Medical Department within 15 minutes of their scheduled appointment the appointment is forfeited and the inmate must submit a sick call form to be rescheduled. ECF No. 16-2, p. 3, ¶7; ECF No. 16-4, p. 51.

assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

Plaintiff's claims raise the issue of whether he has been denied adequate medical treatment in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the Medical Defendants' acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff, aware of prisoner's need for medical attention, failed to either provide such care or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). The subjective component is satisfied only where a prison official "subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "Deliberate indifference is a very

high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999). A mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto*, 841 F.3d at 225.

Based on the record evidence viewed most favorably to Plaintiff, and assuming arguendo that he was suffering from a serious medical need, there is no evidence to support a claim that the Medical Defendants disregarded the risks to Plaintiff's health or failed to provide him with necessary medical care. Specifically, the undisputed record demonstrates that Plaintiff chose to attend commissary rather than his appointment with medical staff on September 23, 2020, and that pursuant to policy because he was more than 15 minutes late to the appointment it needed to be rescheduled. Further, the record demonstrates that Pryor, familiar with Gough's wound status, did not believe that the failure to provide a dressing change on one occasion posed a risk of harm to him and in fact his condition did not worsen as a result of the missed appointment. When viewed in the light most favorable to Plaintiff, the Court cannot find that the Medical Defendants exhibited a callous disregard for a serious medical need. *See also Farmer*, 511 U.S. at 835. They are therefore entitled to summary judgment.

A separate Order follows.

\_\_1/26/22\_\_
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE